# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OXFORD HEALTH INSURANCE, INC.,<br><br>Defendant. | Civil Action No. 18-2608 (MAS)(ZNQ)<br><br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Cross-Motion to File an Amended Complaint by The Plastic Surgery Center, P.A., (Plaintiff). (*See* Pl.'s Notice of Cross Mot. 1, ECF No. 18.) Oxford Health Insurance, Inc., (Defendant) argues the motion should be denied because amending the complaint would be futile. (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 2, ECF 23.) For the reasons detailed within this Opinion, the Court is convinced only that Plaintiff's proposed amendments to Count 3 are clearly futile. Accordingly, Plaintiff's Motion will be granted in part, and denied only as to Count 3, its unjust enrichment claim.

## I. Allegations and Procedural History

On October 30, 2017, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey. (Notice of Removal, Ex. A 4, ECF No. 1-1.) In that complaint, Plaintiff alleged Defendant "contracted with [Plaintiff] to provide [Defendant's insured] with abdominal wall reconstruction surgery and related medical services . . . and to pay [Plaintiff] according to the usual and customary prevailing rates [Plaintiff] receives for those services." (*Id.* at 5, ¶ 7.) Plaintiff asserted Defendant refused to fully pay surgery costs incurred after the contract was made and refused to pay a consultation fee incurred before the alleged contract. (*Id.* at 5–6, ¶¶ 4–6, 8–10, 12–14.) Plaintiff submitted Defendant's actions constituted a breach of contract and unjust

enrichment, (*id.* at 6, ¶¶ 16–22 (counts one and two)), and that Defendant was estopped from denying its promise, (*id.* at 7, ¶¶ 23–26 (count three) (improperly identifying Aetna)).

Defendant removed the case from state court on February 23, 2018. (Notice of Removal 6, ECF No. 1.) And on May 7, 2018, Defendant moved pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing Plaintiff's Complaint, submitting that the Complaint "fails to state a cause of action . . . ." (Notice of Mot. 1, ECF No. 10.) Specifically, defendant argued (1) Plaintiff failed to plead facts sufficient to establish the existence of a valid contract, (Def.'s Mem. in Support of Its Mot. to Dismiss 6, ECF No. 10-3 (citing *Hills v. Bank of Am.*, No. 13-4960, 2014 U.S. Dist. LEXIS 89473, at *10–12 (D.N.J. June 30, 2014))); (2) Plaintiff's unjust enrichment claim fails to state a claim because Defendant's alleged obligation was contractual and the insured—not Defendant— received the benefit, (*id.* at 9 (citing *Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, No. 11-2775 (JBS)(JS), 2012 U.S. Dist. LEXIS 30466, *21–23 (D.N.J. Mar. 6, 2012))); (3) Plaintiff's promissory estoppel claim must fail because it is directed at Aetna and Plaintiff failed to plead sufficient facts to establish a clear and definite promise by Defendant, (*id.* at 13 (citing *Capers v. FedEx Ground*, No. 12-5352, 2012 U.S. Dist. LEXIS 78818, at *4–5 (D.N.J. June 6, 2012))); and (4), to the extent the claim for benefits is governed by the Employee Retirement Income Security Act (ERISA), Plaintiff's state law claims and claim for damages must be dismissed as preempted, (*id.* at 14–15 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987))).

In response, Plaintiff moved to amend the pleadings. (Pl.'s Mem. in Support of Its Cross-Mot. to Amend, ECF 17.) Plaintiff's proposed Amended Complaint adds Oxford Health Plans (NY), Inc., ("OHP") as a defendant and the patient, K.S., as a plaintiff. (Pl.'s Am. Compl. ¶¶ 3–4.)

## II. Parties' Arguments

Plaintiff argues it should be granted leave to amend under Fed. R. Civ. P. 15(a) because there is no unfair prejudice to Defendant. (Pl.'s Mem. in Support of Its Cross-Mot. to Amend 4.) Defendant responds that leave to amend must be "denied in all respects because the requested amendment would be futile as a matter of law." (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 2) For the ease of readability, the substance of the parties' arguments will be detailed in section IV.

## III. Standard for Amending Pleadings

Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A]n amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted'"; that is, it would be subject to dismissal. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "For a complaint to survive dismissal, it 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Rosenzweig v. Transworld Sys., Inc.*, No. CV 16-227 (JMV), 2016 WL 5106995, at *2 (D.N.J. Sept. 20, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468–69 (D.N.J. 1990) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 at 637–642 (2d ed. 1990)).

Determining whether an amendment is futile "does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted [claim] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Id.* at 469.

## IV. Only the Proposed Amendments to Count 3 Are Futile

### A. Count 1: Breach of Contract (Plaintiff v. OHP)

Plaintiff asserts that, upon production of the insurance policy, it realized that its contract and promissory estoppel claims were against OHP—not Defendant—and that, because Defendant's Motion to Dismiss was not directed at OHP, amendment is not futile. (Pl.'s Mem. in Support of Its Cross-Mot. to Amend 5–6.) Plaintiff also submits that its Amended Complaint adds substantial detail as to the formation of the alleged contract and the basis for its promissory estoppel claim. (*Id.* at 6–8 (citing Pl.'s Am. Compl. ¶¶ 10–13).)

In its proposed Amended Complaint, Plaintiff contends that OHP entered into a contract with it and then breached that contract by failing to pay services rendered to K.S. (Pl.'s Am. Compl. ¶ 25.) Plaintiff, an out-of-network provider, claims K.S. was referred to it by K.S.'s in-network doctor. (*Id.* ¶ 10.) Plaintiff alleges K.S.'s doctor made an "in-network exception" request to OHP because OHP lacked a provider that could perform K.S.'s surgery. (*Id.* ¶ 11.) Plaintiff claims it contacted OHP directly while that request was pending and, a week later, "OHP authorized [Plaintiff] to perform the abdominal wall reconstruction procedure on K.S. and offered to pay [Plaintiff] its usual, customary and reasonable charges." (*Id.* ¶ 12.) Plaintiff alleges "OHP communicated this promise and offer to [Plaintiff] on September 10, 2013," (*id.* ¶ 12), and that it "accepted OHP's offer" by providing the services to K.S., (*id.* ¶ 13). Plaintiff also alleges "OHP

acknowledged and ratified the contract . . . by paying for a portion of [Plaintiff]'s bill . . . ." (*Id.* ¶ 23.)

Defendant responds that Plaintiff's allegations continue to be insufficient to state a claim for breach of contract because they are conclusory, simply alleging Defendant "authorized" the surgery without identifying the consideration, any facts demonstrating a meeting of the minds, or any contract terms. (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 15.) With respect to consideration, Defendant explains that Plaintiff failed to allege a benefit Defendant (the insurer) could accrue from the alleged promise; Defendant submits the only benefit an insurer receives from coverage of their insureds is "a ripened obligation to pay money to the insured." (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 15–16 (quoting *Broad St. Surgical Ctr., LLC*, 2012 U.S. Dist. LEXIS 30466, at *23).) Further, Defendant points out that it did pay a portion of one of the claims, meaning it did process the claim and pay in accord with the policy. (*Id.* at 16.) The failure to plead the terms of the contract (i.e., the amount owed), Defendant submits, is therefore fatally deficient to plead breach of contract. (*Id.*)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). "[A]

5

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[,] [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

The major questions raised by the parties are (1) whether Plaintiff sufficiently alleged the existence of a contract by simply stating OHP "communicated" the promise on a certain date without being more specific, and (2) whether Plaintiff pleaded consideration. First, the Court finds Plaintiff has sufficiently pleaded the alleged obligations under the putative contract (i.e., to pay the claims in exchange for providing the insured services), the damages resulting to it from OHP's noncompliance (i.e., nonpayment of the medical claims), and that it performed its own promissory duties (i.e., to provide out-of-network healthcare to OHP's insured). Despite the more general language, Plaintiff's amended allegations amount to more than a recitation of the elements.

Whether Plaintiff sufficiently alleges consideration, however, is a more difficult question. In contrast to PPOs, HMOs "typically provide no coverage for out-of-network care." *HCA Health Servs. of Georgia, Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 1005 (11th Cir. 2001). In the context of a quantum meruit claim, the U.S. District Court for the Southern District of New York stated "[an] insurance company derives no benefit from those services; indeed, what the insurer gets is a ripened obligation to pay money to the insured—which hardly can be called a benefit." *Travelers Indem. Co. of Connecticut v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001). This Court applied that same principle—in the same context—in *Broad St. Surgical Ctr., LLC.*, 2012 WL 762498, at *8.

At this juncture, however, the Court believes it would be an abuse of discretion to eliminate Plaintiff's breach of contract claim by denying the amendment to the pleadings. Defendant has not

cited any case showing that the provision of services by an out-of-network provider to an insured—where the treatment cannot be obtained from an in-network provider—cannot legally constitute consideration. And the Court is not convinced that the quantum meruit theories can be applied analogously. Moreover, Plaintiff contends the patient was not covered by the HMO plan at the time. Consequently, the Court finds Defendant has failed to demonstrate amendment of the breach of contract claim would be clearly futile.

### B. Count 2: Promissory Estoppel (Plaintiff v. OHP)

Moving to count 2, promissory estoppel, Defendant contends Plaintiff's amended claim for promissory estoppel is too vague and merely concludes OHP made a "clear and definite promise to pay" without identifying who promised, when the promise was made, or for what consideration. (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 17.) Defendant stresses that Plaintiff does not even allege what amount Defendant purportedly agreed to pay. (*Id.*) Defendant also notes that Plaintiff alleged OHP agreed to pay "Plaintiff's 'usual, reasonable, and customary rate'" and "the 'usual and customary prevailing rates'"—two different standards. (*Id.* at 19 (quoting Pl.'s Am. Compl. ¶¶ 12, 27).)

Again, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations; a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

> In order to state a claim for promissory estoppel under New Jersey law, the plaintiff must plead: (1) that the defendant made a clear and definite promise; (2) with the expectation that the plaintiff would rely upon it; (3) that the plaintiff reasonably relied on the promise; and (4) that the reliance resulted in definite and substantial detriment.

*Capers*, 2012 WL 2050247, at *2. A boilerplate recitation of the legal elements of promissory estoppel are insufficient to state a claim. *Id.* Failing to allege a "clear and definite promise" would

7

also cause such a claim to fail. *Cotter v. Newark Hous. Auth.*, No. CIVA 09-2347 (JAG), 2010 WL 1049930, at *5 (D.N.J. Mar. 17, 2010), *aff'd*, 422 F. App'x 95 (3d Cir. 2011).

Like Plaintiff's breach of contract claim, whether the amendment is futile comes down to whether Plaintiff's factual allegations surrounding the formation of the alleged contract are sufficient to define a promise. In the Court's judgment, they are. Plaintiff alleges OHP promised to pay the claims, which was "communicated" to it (though Plaintiff does not specify how) on September 10, 2013. (*Id.* ¶ 12.) Plaintiff alleges that, because Defendant did not have any provider in its network that could perform the treatment the insured required, that an in-network provider submitted an "in-network exemption" to OHP and, a week after Plaintiff called OHP to affirm it would perform the services if OHP would provide coverage, "communicated" that it would indeed cover the procedure. (*Id.* ¶¶ 10–13.) Plaintiff further alleges OHP should have known Plaintiff would perform the surgeries based on that alleged agreement to provide coverage thereby relying on said promise. (*Id.* ¶ 28.) In light of those allegations, the Court cannot say Plaintiff's amendment is clearly futile.

### C. Count 3: Unjust Enrichment (Plaintiff v. Defendant and OHP)

Plaintiff asserts Defendant's Motion to Dismiss is moot as to its unjust enrichment claim because of the added factual allegations, the addition of OHP as a party, and because "a healthcare practitioner who provides medical services to an insured patient confers a benefit on the patient's health insurance company." (Pl.'s Mem. in Support of Its Cross-Mot. to Amend 9 (citing Pl.'s Am. Compl. ¶¶ 30–39; *Demaria v. Horizon Healthcare Services, Inc.*, 2013 WL 3938973, at *6 (D.N.J. July 31, 2013); *Aetna Health, Inc. v. Srinivasan*, 2016 WL 3525298, at *5–6 (N.J. App. Div. June 29, 2016) (jury verdict in unjust enrichment claim against Aetna)).)

Defendant submits the addition of OHP does not render its motion to dismiss moot because Defendant "appeared in this action as Oxford Health Plans (NY), Inc. ("OHP") s/h/a Oxford Health Insurance, Inc., and "always acknowledged that [OHP] is the proper party . . . and responded to the allegations in the Complaint as if they were asserted against OHP." (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 12–13 (citing Def.'s Mem. In Support of Its Mot. to Dismiss 1, 4, 6–8, 12–14).) Defendant reasserts that the unjust enrichment claim is legally improper because the services were rendered to K.S., at her behest, not to Defendant or OHP, and because Defendant has no obligation to ensure K.S. receives medical treatment, so it cannot be claimed that Plaintiff satisfied an obligation Defendant or OHP owed to K.S. (*Id.* at 20–21, 23–24.) Defendant further notes that Plaintiff alleges Defendant was bound to pay for treatment rendered to K.S. under an EPO plan, but claims K.S. was not enrolled in that plan. (*Id.* at 22.)

To assert a claim for unjust enrichment, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). This Court has held "[an] insurance company 'derives no benefit from [medical services provided to its insureds]; indeed, what the insurer gets is a ripened obligation to pay money to the insured—which hardly can be called a benefit.'" *Broad St. Surgical Ctr., LLC*, 2012 WL 762498, at *8 (quoting *Travelers Indem. Co. of Connecticut*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001)). Courts in this district generally agree and "have consistently dismissed unjust enrichment claims under substantially similar circumstances, reasoning that, if anything, the benefit is derived solely by the insured party." *Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*, No. CV 17-2055 (FLW), 2019 WL 1916205, at *8 (D.N.J. Apr. 30, 2019); *Comprehensive Spine Care, P.A. v. Oxford Health Ins., Inc.*, No. CV 18-10036

(JLL), 2018 WL 6445593, at *6 (D.N.J. Dec. 10, 2018) (same); *Small v. Oxford Health Ins., Inc.*, No. CV 18-13120 (JLL), 2019 WL 851355, at *6 (D.N.J. Feb. 21, 2019) (same); *but see Demaria*, 2013 WL 3938973, at *6. For example, in *Broad St. Surgical Ctr., LLC*, this Court did not allow a plaintiff to amend its unjust enrichment claim where the healthcare services provider claimed the insurer verbally agreed to pay the costs of treatment. 2012 WL 762498, at *8–9. The Court reasoned that the plaintiff conferred the services on the fifty patients, not the insurer, thus a claim for unjust enrichment could not lie under New Jersey law. *Id.* at *8; *see also Henderson v. Volvo Cars of N. Am., LLC*, No. CIV. 09-4146 (DMC), 2010 WL 2925913, at *11 (D.N.J. July 21, 2010); *but see Demaria*, 2013 WL 3938973, at *6 (D.N.J. July 31, 2013) ("Plaintiffs allege that Horizon— through its failure to process claims and issue benefits in accordance with the terms of its Provider Agreements and Plans—retained funds it should otherwise have given to Plaintiffs, and was unjustly enriched in the process. On these facts, the Court finds that Plaintiffs have adequately pled their unjust enrichment claim.").

Despite *Demaria*, 2013 WL 3938973, at *6, suggesting the contrary, this Court "consistently" dismisses unjust enrichment claims when a healthcare provider sues an insurer for the unreimbursed costs of a procedure performed on an insured. *Plastic Surgery Ctr., P.A.*, 2019 WL 1916205, at *8. Accordingly, the Court finds amending Count 3 futile.

**D. Count 4: Breach of A Fiduciary Duty Under ERISA (K.S. v. Defendant and OHP)**

In Plaintiff's proposed Amended Complaint, K.S. brings count four, ERISA breach of a fiduciary duty, against Defendant and OHP. (Pl.'s Am. Compl. 7–9.) In it, K.S. alleges OHP breached a fiduciary duty by processing her bill under her expired OHP policy rather than another policy administered by Defendant. (*Id.* ¶¶ 43–44.) She contends that OHP breached its fiduciary

duty by failing to advise her that its policy had expired and that Plaintiff breached its duty by failing to process the bill under its policy. (*Id.* ¶¶ 44–45.)

Defendant argues K.S.'s claim for breach of a fiduciary duty is predicated on the patently false assertion that the HMO plan offered by K.S.'s employer (i.e., OHP's plan) expired on November 30, 2013, and thus OHP breached a fiduciary duty under ERISA by processing her claims under the expired plan rather than an EPO plan also offered by K.S.'s employer. (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 2–3, 10, 24–27.) Defendant claims the HMO plan never expired and K.S. remained a member through November 30, 2017. (*Id.* at 3.)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555. "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Court does not find Plaintiff's added count deficient or implausible on its face. Defendant's argument centers around the truth of Plaintiff's allegation that the HMO policy terminated before the processing of the claim. It is not appropriate at this stage for the Court to pass judgment on those allegations.

### E. Count 5: Negligent Misrepresentation (Plaintiff v. Defendant and OHP)

Plaintiff's proposed Amended Complaint also asserts a negligent misrepresentation/omission claim against Defendant and OHP. (Pl.'s Am. Compl. 9.) It claims

OHP and Defendant were aware that the OHP policy had been terminated and failed to inform Plaintiff when it submitted the claims. (*Id.* ¶ 50–52.)

Defendant reasserts that Plaintiff is factually wrong and the OHP policy never expired. (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 25–26.) Defendant further contends that an omission may only provide a basis for a negligent misrepresentation claim under New Jersey law where "the breaching party owes an independent duty imposed by law." (*Id.* at 26 (quoting *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268 (N.J. 2002)) (citing *Henderson*, 2010 WL 2925913, at *11, 35–36)).) Defendant responds that it owed no duty to Plaintiff, and "the only obligation [OHP] had regarding releasing information related to K.S.'s coverage was to K.S., not [Plaintiff]." (*Id.* at 26.)

"Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel*, 788 A.2d at 280. A negligent misrepresentation claim may be based on an omission, but the plaintiff must plead a duty to disclose. *S. Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 397 (D.N.J.), *aff'd in part*, 258 F. App'x 466 (3d Cir. 2007). "[T]he required duty of disclosure may also arise in any situation called for by good faith and common decency . . . ." *Highlands Ins. Co. v. Hobbs Grp., LLC.*, 373 F.3d 347, 355 (3d Cir. 2004) (citing *City Check Cashing, Inc. v. Manufacturers Hanover Tr. Co.*, 166 N.J. 49, 60 (2001)).

Again, as a preliminary matter, it is not appropriate to assess the veracity of Plaintiff's factual allegations at this stage. Further, given New Jersey's broad standard for negligent omission claims, the Court does not find the addition of Plaintiff's fifth count clearly futile.

### F. ERISA Preemption

Finally, Plaintiff contends its "common law claims for breach of contract, promissory estoppel and unjust enrichment asserted in its proposed Amended Complaint do not require the Court to determine coverage under an ERISA plan [as] those claims are based on independent legal duties . . . ." (Pl.'s Mem. in Support of Its Cross-Mot. to Amend 12.) Further, Plaintiff argues there is a distinction between whether a claim is covered and the amount of coverage provided: the latter is not preempted and "[a] provider may bring a contract action for an insurer's failure to reimburse the provider pursuant to the terms of the agreement, while a claim seeking coverage of a service may only be brought under ERISA."(*Id.* (quoting *Emergency Physicians of St. Clare's v. United Health Care*, No. 14-404 (ES)(MAH), 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014) (quoting in turn *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177–78 (3d Cir. 2014))).

Defendant highlights that Plaintiff admitted in its proposed Amended Complaint that the claims were submitted under the HMO plan. (Def.'s Reply Mem. in Support of Its Mot. to Dismiss and in Opp'n to Pl.'s Cross-Mot. 28–29 (citing Pl.'s Am. Compl. ¶¶ 55–56).) Defendant further argues that fee disputes are governed by ERISA when the dispute requires the examination of the terms of an ERISA plan. (*Id.* at 29–30 (citing as an example *CardioNet, Inc.*, 751 F.3d at 177–78).) According to Defendant, Plaintiff misreads the case law: In each of the cases cited by Plaintiff, Defendant contends, there was an independent fee schedule with an in-network provider (i.e., a separate contractual agreement that did not require the examination of the terms of an ERISA plan). (*Id.* at 29.)

"[S]uits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by [ERISA]." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001).

"The rationale for these holdings is that the decision whether a requested benefit or service is covered by the ERISA plan falls within the scope of the administrative responsibilities of the HMO or insurance company, and therefore 'relates to' the employee benefit plan." *Id.* Nevertheless, "a provider may bring a contract action for an insurer's failure to reimburse the provider pursuant to the terms of the agreement, while a claim seeking coverage of a service may only be brought under ERISA." *CardioNet, Inc.*, 751 F.3d at 178.

The crux of Plaintiff's claim is whether it was entitled under an alleged separate agreement to payment for claims arising out of K.S.'s abdominal wall reconstruction surgeries. (Pl.'s Am. Compl. ¶¶ 12–13, 25.) Part of that breach of contract claim rests on an alleged underpayment for the first surgery. (*Id.* at ¶¶ 14–15.) That claim of underpayment, in conjunction with Plaintiff's other factual allegations, raises the specter that the alleged agreement might have been an in-network exception. (*See id.* at ¶ 11.) If the alleged contract was nothing more than an exception allowing those surgeries to be covered under the HMO plan, then this controversy would amount to a fee dispute arising under an ERISA plan, and it would be preempted. *See CardioNet, Inc.*, 751 F.3d at 178. But Plaintiff insists it had a separate contract that does not require consideration of the terms of the ERISA-governed plan. (Pl.'s Mem. in Support of Its Cross-Mot. to Amend 12.) Based purely on the pleadings, the Court cannot conclude amendment is futile because the claims are preempted.

## V. Conclusion

For the reasons set forth above, the Court can conclude only that Plaintiff's proposed amendments to Count 3, its unjust enrichment claim, will be futile. Otherwise, Plaintiff shall be allowed to amend its complaint. An appropriate order shall follow.

_____
ZAHID N. QURAISHI
United States Magistrate Judge

**DATED:** September 30, 2019